IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

CHARLES C. WALKER
and Wife, DELORIS M. WALKER                                       PLAINTIFFS

VS.                                      CAUSE NO. 10-0077-GN-TH

BALBOA INSURANCE CO.

AND

GMAC MORTGAGE, LLC                                                DEFENDANTS



FILED JAN 27 2010
Jimmy C. Havard
Chancery Clerk

## COMPLAINT

COMES NOW CHARLES C. WALKER, and wife, DELORIS M. WALKER, by and through their attorney with this their Complaint for Accounting, Injunctive Relief, actual damages, punitive damages, and Declaratory Judgment, and will show the following facts, to wit:

### I.
### PARTIES

Your Plaintiffs are adult bonafide resident citizens of Forrest County, Mississippi.

That the Defendant Balboa Insurance Company (Balboa) is a nonresident insurance corporation doing business in the State of Mississippi, and whom service of process may be had by service upon the Hon. Mike Chaney, Mississippi Commissioner of Insurance, Jackson, Mississippi 39205.

That the Defendant GMAC Mortgage LLC (GMAC) may be served with the process of this Court by and through its registered agent for service of process Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39201, and through and upon CT

1


EXHIBIT A

Corporation System, 631 Lakeland Drive East Drive, Flowood, Mississippi 39232.

II.
FACTS

Prior to Hurricane Katrina Plaintiffs residential home located in Forrest County, Mississippi, was insured by Church Mutual Insurance Company against fire loss in the amount of $1,137,000.00. Hurricane Katrina caused substantial damage to Plaintiffs residential property. Funds to repair those damages were paid to the Defendant GMAC by Church Mutual Insurance Company.

Due to the fact Katrina repairs had not been completed by September 2007, Church Mutual Insurance Company would not renew the residential coverage upon Plaintiffs home. Plaintiffs could not readily obtain replacement insurance coverage. The mortgage holder (and Defendant), GMAC, thereafter force placed insurance upon your Plaintiffs home in the amount of $1,137,000.00 by and through its wholly owned subsidiary Balboa Insurance Company charging Plaintiffs premium of $26,111.00 and adding same to the debt owed. Plaintiffs monthly indebtedness was current. The forced placed coverage was made effective September 19, 2007.

On September 29, 2007, ten (10) days after the effective date of the Balboa policy, Plaintiffs home and residential dwelling was totally destroyed by fire, the accidental nature of which at this time has not been disputed. At the time of the fire however, Hurricane Katrina damages were almost entirely complete. The Defendant GMAC still holds approximately $40,000.00 in funds and monies deposited with GMAC by Church Mutual Insurance Company. These funds have never been paid to your Plaintiffs, nor accounted

for in any fashion. Throughout these proceedings, Plaintiffs have been able to financially maintain the monthly mortgage upon their home despite having no residence to live in but due to the present inequities as shown herein, Plaintiffs seek equitable relief.

### III.

Plaintiffs were not provided a copy of the Balboa policy until December 23, 2007, more than three (3) months after the fire loss had occurred. Much worse, it was not until May 28, 2008, eight (8) months after the fire loss, that a Balboa adjuster provided any *estimate* at all as to what Balboa calculated the cost of *repair* to Plaintiffs dwelling to be. This eight (8) month delay has never been explained to Plaintiffs and Defendants act as if the continual (now two year delay) is inconsequential. The adjuster pretended that the home was not a total loss, in order to fabricate a multiple page adjustment calculation that pretended to *repair,* various rooms of the home when in actuality, the rooms and structure did not exist at all.

### IV.

That agent and adjuster for Balboa concluded that the home could be *repaired*, despite the plain fact that the home and dwelling was a total loss, and the cost of replacement far exceeded the adjusters lowball estimate.[1] The Balboa adjuster suggested the Plaintiffs forward his figures to their contractor for review, but Plaintiffs could not engage any contractor to rebuild their home for the sums offered or even the total amount of total policy proceeds. This was explained to the Balboa adjuster repeatedly.

---

[1]Total Loss when referred to by Plaintiffs means BURNED TO THE GROUND!

3

On June 25, 2008, Kathleen Olsen of GMAC forwarded to Plaintiffs a check in the amount of $161,951.22 without explanation as to just how that amount had been calculated, and for what purpose it was tendered. GMAC and Balboa continued to refuse to acknowledge that the home had been a total loss.

On August 13, 2008, the City of Petal, Mississippi, informed Plaintiffs that the cleanup process must begin and that the rubble be razzed to the ground.

On August 27, 2008, Balboa was again contacted by Plaintiffs pointing out that the adjusters estimate did not include the cost of an elevator, a seven story tower, central heating and air conditioning systems, water heaters, and had a discrepancy in the square footage of the calculations relative to the destroyed dwelling. The adjuster had not understood the home had five bathrooms, five full baths, one steam sauna, two kitchens, a three car garage, and that the costs greatly exceeded the value of the policy whether described as cost to rebuild, or repair.

On December 8, 2008, almost a year and three months after the subject fire loss, Plaintiffs contacted the Balboa adjuster indicating that any contractor bid would exceed $1,500,000.00 and that through a meeting with the City Mayor and Board of Alderman a new deadline had been set for cleanup of December 13, 2008. It was pointed out that Plaintiffs felt removal of debris without settlement of the controversy might forego further consideration of their claim by the adjuster or other consultants.

On December 9, 2008, the Balboa adjuster indicated that Balboa had twice sent out an engineer to inspect the damage and that "You can go ahead and remove the debris."

Plaintiffs submit that the acquiescence of Balboa in removal of the debris, more than a year after the loss, is an admission that the claim is not one to rebuild the home, nor repair it. The charred remains of the home were never amenable to repair.

At wits end, Plaintiffs requested appraisal/arbitration pursuant to the terms of the policy which request was flatly refused, Balboa maintaining Plaintiffs did not have standing to invoke the appraisal clause under the policy. Although the request was rejected Balboa suggested Plaintiff could contact GMAC and request that GMAC assert their right to appraisal. As will be shown upon a hearing hereof, Plaintiffs did indeed have standing to invoke the appraisal provisions of the subject policy.

On February 4, 2009, Plaintiffs contacted GMAC requesting that the appraisal provisions of the policy be invoked so as to conclude the claim. GMAC has ignored that request.

On February 11, 2009, using the policy proceeds that had been tendered, Plaintiffs completed the cleanup process, stabilized the foundation and repaired the damage to adjacent structures that had been ignored by Balboa, so as to have a place to live. Additional sums were then requested from GMAC. GMAC did not respond.

On February 27, 2009, the Balboa adjuster was contacted on behalf of Plaintiffs indicating that contact had been made with GMAC (Lena), in the insurance claims department and were told they were waiting on additional information from Balboa with regard to inspection of the cleanup, before additional sums could be received.

On March 2, 2009, the Balboa adjuster contacted Plaintiffs requesting to know just

what information GMAC was requesting from him. The claim went unresolved.

On March 25, 2009, it was pointed out to the Balboa adjuster, and to GMAC, that no answer had been received with regard to Plaintiffs letter requesting an inspection of the cleanup so that an additional advance could be made to proceed with additional work. GMAC and Balboa did not respond at all.

On June 4, 2009, Balboa adjuster forwarded to GMAC a supplemental claim payment check for an elevator, and demolition cost.

On June 11, 2009, Plaintiffs forwarded to the Balboa adjuster, a contractor statement that replacement cost would be approximately $1,800,000.00. Other estimates now are that replacement costs will be excess of $2,000,000.00. This information has been ignored by Balboa and GMAC. The claim remains unresolved and no contact has been made by either Balboa or GMAC now for many months.

On September 23, 2009, Plaintiffs were notified GMAC had force placed insurance coverage with Meritplan Insurance Company (also a wholly owned subsidiary of GMAC) again, in the amount of $1,137,000.00 with an annual premium now of $34,679.00. Plaintiffs attempted to point out to GMAC that they were force placing insurance coverage upon a home that simply did not exist for a premium purchasing coverage for an insurable interest that did not exist.

V.

Plaintiffs would show that they have paid the monthly payments upon their dwelling for as long as they can and can no longer afford the huge monthly payments to

GMAC without being given credit for funds now held by GMAC received from Church Mutual Insurance Company and Balboa. That Plaintiffs believe over $500,000.00 has now been tendered by Balboa to GMAC but unaccounted for, or acknowledged by GMAC throughout the claims process.

That the Defendant, Balboa Insurance Company has continued to refuse to acknowledge that the home is a total lost for which the total of insurance policy proceeds covering the dwelling should have been tendered pursuant to the provisions of §83-13-5 of the Mississippi Code of 1972, as amended, also known as the Mississippi Valued Policy Law. Plaintiffs have been forced to employ an attorney to file this litigation for a house fire that occurred over two and a half (2½) years previously, with only $161,000.00 having been tendered to them of a $1,137,000.00 policy.

## VI.
## STANDING

Plaintiffs would show that they have standing to pursue this action pursuant to the replacement value of the Balboa insurance policy of $1,137,000.00 versus the mortgage owed upon the subject property of approximately $500,000.00; the plain language of the insurance policy that indicates the borrower (Plaintiffs) shall be considered an additional insured with respect to any residual amounts of insurance over and above YOUR (GMAC) insurable interest, and the Mississippi Valued Insurance Policy Statute, §83-13-5, MCA.

## I.
## COUNT ONE-REQUEST FOR ACCOUNTING

Plaintiffs would show that they are entitled to an accounting from the Defendants

with regard to exactly what insurance payments have been paid from Balboa to GMAC, when such payments were made, how the same were calculated, and for what purpose, including insurance benefits held by GMAC as a result of insurance payments from Church Mutual Insurance Company for Hurricane Katrina damages.

## II.
## COUNT TWO-REQUEST FOR INJUNCTION

That the Defendant GMAC be enjoined from requesting foreclosure proceedings unless and until the accounting of insurance proceeds has been made as requested in Count I above, and GMAC has cooperated, and not frustrated, conclusion of the fire insurance claim, including appraisal of said claim.

## III.
## COUNT THREE-REQUEST FOR DECLARATORY JUDGEMENT

That Judgment be now entered herein declaring Plaintiffs and GMAC are entitled to all insurance proceeds under the subject matter policy as the dwelling was a total loss as contemplated under the Mississippi Valued Policy Law. That appropriate Judgment be now entered for policy proceeds, together with interest upon policy proceeds from and after the date of the loss.

## IV.
## COUNT FOUR-BAD FAITH DELAY

Plaintiffs would show that Balboa Insurance Company delayed for many, many unnecessary months the adjustment of Plaintiffs claim. That the eight (8) month delay between the date of the loss, and any response by Balboa is totally inconsistent with the terms of the policy, and industry standards. That the delay is without arguable legal or

factual basis.

## V.
## COUNT FIVE BAD-FAITH ADJUSTMENT

Plaintiffs would show that as a matter of law, the dwelling was destroyed without substantial or usable remnant, nor was the same susceptible to reasonable repairs or reconstruction. That conclusions by the adjusters on behalf of Balboa Insurance Company, that the structure could be *repaired,* were false, fraudulent and not based upon measurements or calculations made by industry standards. That the Defendant Balboa is therefore without arguable factual basis upon which to conclude that the home was not a total loss under the Mississippi valued insurance policy.

That the entirety of the actions of Balboa and its adjuster were calculated to avoid payment of policy proceeds under the Mississippi Valued Policy Law and/or pay less than the amount properly owed by ignoring the totality of the loss, and claiming right to depreciate a loss, and deduct overhead and profit, when the home had been totally and entirely destroyed.

## VI.
## COUNT SIX-BAD FAITH BY GMAC

Plaintiff would show that the Defendant GMAC has in effect no policies or procedures whereby its mortgagee (Plaintiffs) can reasonably and fairly access insurance policy proceeds paid by an insurance company in the event of fire loss so as to permit Plaintiffs to repair or rebuild their insured's dwellings. That in the event such policies and procedures have been adopted by Balboa, its agents, servants, and employees, wholly and

totally failed to follow such policies and procedures so as to permit Plaintiffs reasonable access to policy proceeds to rebuild a dwelling. Plaintiffs would show they cannot access their insurance benefits without the cooperation of GMAC, which cooperation has been totally withheld. The subject mortgage, right to force place insurance, and obligation to cooperate with your Plaintiffs to restore their dwellings and property in the event of fire loss, is implied in the mortgage contract. GMAC is not only a mortgageholder, but also has a fiduciary obligation pertaining to insurance policy proceeds and their disbursements so as to not frustrate the purposes for which the insurance was purchased and to properly reestablish the security for which the mortgage is held, and Plaintiffs equity therein.

VII.

Plaintiff would show that all of the damages as complained of herein are due to a direct proximate result of the foregoing actions of the Defendants.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that this their Complaint for Accounting, Injunctive Relief, and actual relief, actual damages, punitive damages and declaratory judgment be now received and filed; that upon a full and final hearing hereof this Court grant unto your Plaintiff an accounting to be had by GMAC for receipt of all insurance proceeds paid as a result of Katrina and/or fire damages; that the Defendant GMAC be enjoined from foreclosure proceedings pending disclosure and disbursement of all funds presently held as a result of Katrina or fire loss damages; that declaratory judgment be now entered herein declaring that Plaintiff and GMAC are entitled to the payment of all proceeds under the Balboa force placed insurance policy in

the amount of $1,137,000.00, together with interest from and after the date of the loss as such proceeds are now payable due to the fact that the home insured structure is a total loss as contemplated by the Mississippi Valued Insurance Policy Law and/or that the cost to rebuild the home exceeds policy proceeds of $1,137,000.00; that your Plaintiffs be awarded actual damages for the negligent and/or intentional infliction of emotional distress occasioned by the unnecessary unreasonable delay, and outrageous conduct of Balboa and GMAC in failing to promptly or in a timely fashion adjust and process Plaintiffs claim for insurance benefits; that Plaintiffs be awarded judgment for their equity in their property as represented by such sums exceeding the debt owed to GMAC; that declaratory judgment be now entered herein declaring Plaintiffs right to have the subject loss appraised under the terms of the appraisal provisions of the subject insurance policy and that refusal of Balboa Insurance Company to participate in such appraisal, or acknowledge Plaintiffs right to request appraisal was improper and without legal justification; and your Plaintiffs seek such general and special relief as in equity they should be entitled to receive under the facts now presented.

Respectfully submitted,

_____
DELORIS M. WALKER, Indivually

_____
CHARLES C. WALKER by Deloris M. Walker as Attorney in Fact for Charles C. Walker

STATE OF MISSISSIPPI
COUNTY OF FORREST

PERSONALLY CAME AND APPEARED BEFORE ME the undersigned authority for in said County and State, the within named, DELORIS M. WALKER, Individually, and as Attorney in Fact for and on behalf of CHARLES C. WALKER, who after having been first duly sworn states upon her oath that the above and foregoing matters, facts and things contained in the above and foregoing Complaint are true and correct as therein stated.

_____
DELORIS M. WALKER, Individually,
And as Attorney in Fact for
Charles C. Walker

SWORN TO AND SUBSCRIBED BEFORE ME on this the 22nd day of January, 2010.

_____
NOTARY PUBLIC

My Commission Expires:

_____

WILLIAM HAROLD JONES
ATTORNEY FOR PLAINTIFFS
POST OFFICE BOX 282
PETAL, MISSISSIPPI 39465
TELEPHONE: (601) 545-8324
FACSIMILE: (601) 545-8389
MISSISSIPPI BAR NO. 3284